IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NICKY L. MARSH, AIS 278213, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CASE NO. 2:23-CV-94-EMC-KFP ) |
| KAY IVEY, GOVERNOR OF ALABAMA, et al., | ) ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.   INTRODUCTION**

Plaintiff Nicky Marsh, an inmate proceeding pro se and in forma pauperis, is confined at the Staton Correctional Facility, in Elmore, Alabama. He filed a hand-written Amended Complaint, docketed under 42 U.S.C. § 1983, naming the following as defendants: Governor Kay Ivey; Cam Ward, director of the Alabama Board of Pardons and Paroles; John Hamm, Commissioner of the Alabama Department of Corrections; Gabrella Simmons, board manager; and Leigh Gwathney and Darryle Littleton, board members. Doc. 12.[1] After review and consideration of the Amended Complaint, the undersigned RECOMMENDS that this case be DISMISSED, as set forth below.

---

[1] Despite the directive in the Order (Doc. 10) of June 23, 2023, directing Plaintiff to file an amended complaint on a form used by inmates to file § 1983 actions, Plaintiff submitted another hand-written pleading. *See* Docs. 1, 12.

## II.  STANDARD OF REVIEW

Because Plaintiff was granted leave to proceed in forma pauperis (Doc. 5), his Amended Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss the complaint or any portion of it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B), 28 U.S.C. § 1915A(b). To state a claim on which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In applying § 1915, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). *See also* 28 U.S.C. § 1915A(a) (stating court shall review civil action by prisoner against governmental entity or officer or employee before docketing, if feasible, or as soon as practicable after docketing).

### III. FACTUAL BACKGROUND

Plaintiff entered a guilty plea to first degree rape in the Elmore County Circuit Court on February 29, 2012. Doc. 12 at 5. The trial court sentenced him to a 25-year term of imprisonment. *Id.* Plaintiff claims his guilty plea was done "with the understanding, from his counsel[] and the Elmore Circuit Court Judge, that he would be eligible for parole consideration at some point [during] his prison term." *Id.* However, he claims that after he was processed into state custody a former Alabama governor signed an unconstitutional law that caused him to be "resentenced to a mandatory 25 years, overriding the legal sentence" imposed on him by the trial judge. *Id.* at 2. Plaintiff maintains Governor Ivey continues to enforce and uphold a discriminatory and unconstitutional law banning sex offenders from ever being considered for parole. *Id.* at 5–6.

### IV. DISCUSSION

#### A. The Statute of Limitations

Although the statute of limitations is usually raised as an affirmative defense, in an action proceeding in forma pauperis under § 1983, the Court may consider affirmative defenses apparent from the face of the complaint. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *Ali*, 892 F.2d 438. "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id.* at 640 n.2 (citation omitted); *Smith v. Shorestein*, 217 F. App'x 877, 880 (11th Cir. 2007) (same).

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id*. (citing Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)). Generally, the limitations period begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Georgia Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (*citing Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)).

By Plaintiff's own admission, the events with which he takes issue occurred in 2012 after he was convicted and processed into the state prison system. Plaintiff does not allege that he was unaware of the facts surrounding his claims at that time, nor does he allege any facts to suggest that he discovered this information at a later date.[2] However, Plaintiff did not file this action until February 10, 2023,[3] was approximately nine years after the limitations period expired. Thus, it is clear from the face of the Amended Complaint that this case is time-barred and due to be dismissed. *See Baldwin Cnty. Welcome Ctr. v. Brown*,

---

[2] Any argument that enforcement of the challenged law is ongoing amounts to an allegation of continuing harm—not a continuing violation—which does not extend the limitation period. *See Lovett v Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003) (holding that continuing violation doctrine did not apply to parole board's decision to change plaintiff's parole reconsideration date because decision was one-time act with continuing consequences and, therefore, limitations period was not extended); *see also McGroarty v. Swearingen*, 977 F.3d 1302, 1308–09 (11th Cir. 2020) (noting that Eleventh Circuit has refused to apply continuing violation doctrine to plaintiffs who could have filed within statute of limitations period).

[3] The Court considers February 10, 2023, to be the filing date of this case. Although the Clerk stamped the original complaint "filed" on February 13, 2023, Plaintiff signed his complaint on February 10, 2023, and a pro se inmate's complaint is deemed by law to have been filed the date it is delivered to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 271–272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993).

466 U.S. 147, 152 (1984) (stating that the "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants").

### B. The Habeas Claim

Plaintiff alleges he entered a guilty plea to first degree rape with an understanding from his trial attorney and the trial court that he would serve a parole-eligible term of imprisonment. To the extent Plaintiffs challenges the validity of his guilty plea, allowing him to proceed would necessarily impugn his conviction and run afoul of the *Heck* "favorable termination" rule. *See Heck v. Humphrey*, 512 U.S. 477 (1994). *See also Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a conviction or sentence are not cognizable in a § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Id*. at 487; *Edwards*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief, or monetary damages that "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983"). "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citations omitted).

5

Under the circumstances of this case, *Heck* and its progeny bar Plaintiff's assertion of any § 1983 claim that would effectively constitute a collateral attack on the validity of his underlying conviction. *Heck*, 512 U.S. at 489; *Abella v. Rubino*, 63 F.3d 1063, 1066 n.4 (11th Cir. 1995). Consequently, the claims provide no basis for relief at this time and are subject to summary dismissal under 28 U.S.C § 1915(e)(2)(B)(ii).[4]

## V. CONCLUSION

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that:

1. Plaintiff's Amended Complaint be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as time barred.

2. Plaintiff's claims, to the extent they challenge the fundamental legality of his conviction, be DISMISSED without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) as such claims provide no basis for relief at this time.

3. This case be DISMISSED prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i–ii).

Further, it is ORDERED that by **August 30, 2023**, the parties may file written objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made.

---

[4] Any federal habeas petition Plaintiff files is subject to the statutory procedural limitations imposed upon those petitions. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State[.]"); 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."); 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [§ 2254 petition] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. 11TH CIR. R. 3-1.

Done this 16th day of August, 2023.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE