IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| NICKY L. MARSH, AIS 278213, | ) |
| | ) |
|   Plaintiff, | ) |
| | ) |
|   v. | ) CIVIL CASE NO. 2:23-cv-94-ECM |
| | )                 [WO] |
| KAY IVEY, GOVERNOR OF | ) |
| ALABAMA, *et al.*, | ) |
| | ) |
|   Defendants. | ) |

**MEMORANDUM OPINION and ORDER**

On February 13, 2023, Plaintiff Nicky L. Marsh brought this 42 U.S.C. § 1983 action against Governor Kay Ivey; Cam Ward, Director of the Alabama Board of Pardons and Paroles (the "Board"); John Hamm, Commissioner of the Alabama Department of Corrections ("ADOC"); Gabrella Simmons, Board manager; and Leigh Gwathney and Darryle Littleton, Board members. (Doc. 1). In the operative complaint (doc. 12), the Plaintiff claims that his 25-year term of imprisonment with the possibility of parole was illegally converted into a 25-year term of imprisonment without the possibility of parole. On August 16, 2023, the Magistrate Judge entered a Recommendation that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e). (Doc. 13). On August 29, 2023, the Plaintiff timely filed objections to the Magistrate Judge's Recommendation. (Doc. 14).

After carefully reviewing the record in this case, the Recommendation of the Magistrate Judge, and the Plaintiff's objections, the Court concludes that the Plaintiff's

objections are due to be overruled, the Recommendation of the Magistrate Judge is due to be adopted, and this case is due to be dismissed prior to service of process pursuant to § 1915(e).

When a party objects to a Magistrate Judge's Report and Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Report and Recommendation must be sufficiently specific in order to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate, the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Report and Recommendation is reviewed for clear error.

First, to the extent the Plaintiff makes general objections or merely restates the allegations in the amended complaint, those objections are reviewed for clear error and are due to be overruled.

The Plaintiff specifically objects to the Recommendation's statement that his amended complaint was handwritten despite the Court's prior instructions that the amended

2

complaint be filed on a form for use in filing prisoner § 1983 actions. However, the Magistrate Judge did not reject the amended complaint or recommend dismissal based on the Plaintiff's failure to use a form. Consequently, this objection is due to be overruled.

The Plaintiff also objects to the Recommendation's finding that this action is barred by the statute of limitations. He repeats his assertions from the amended complaint that in 2012, the state trial court sentenced him to a 25-year term of imprisonment with the possibility of parole, but once he was processed into the ADOC, his sentence was changed to a 25-year term without the possibility of parole. He contends that such action amounts to an illegal act with no end. As explained in the Recommendation, however, "[a]ny argument that enforcement of the challenged law is ongoing amounts to an allegation of continuing harm—not a continuing violation—which does not extend the limitation period." (Doc. 13 at 4 n.2) (citing *Lovett v Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003)). While the Plaintiff's objection reflects a disagreement with the Recommendation's finding, it fails to establish any error in the Recommendation's analysis or conclusion. Consequently, this objection is due to be overruled.

Additionally, the Plaintiff disclaims that this action is an attempt to attack his guilty plea, and thus his conviction, and therefore objects to the Recommendation's finding that such attack would run afoul of the *Heck* "favorable termination" rule. *See Heck v. Humphrey*, 512 U.S. 477 (1994). But as explained in the Recommendation, if the Plaintiff's allegations could be construed as a claim that his guilty plea was based on his belief that he would receive a specific sentence, this claim, if proven, may be construed as

3

a challenge to the validity of his conviction. (Doc. 13 at 4–5). And as further explained in the Recommendation, disclaiming an intent to challenge a conviction or sentence is irrelevant if the plaintiff makes allegations which are inconsistent with the validity of his conviction or sentence. (*Id.* at 5). Consequently, this objection is due to be overruled.

The Plaintiff further contends that the Recommendation mischaracterized his claim against Governor Ivey regarding her conduct in enforcing the law which bars him from parole eligibility. He repeats the allegations from his amended complaint that the State of Alabama passed an allegedly unconstitutional law prohibiting certain sex crimes from ever being eligible for parole. (Doc. 14 at 6). The Plaintiff does not specify or provide a citation to this law. The Court observes that ALA. CODE § 15-22-27.3 provides that persons convicted of a sex offense involving a child as defined in ALA. CODE § 15-20A-4 which constitutes a Class A or B felony "shall not be eligible for parole." ALA. CODE § 15-22-27.3. To the extent the Plaintiff refers to § 15-22-27.3 in his objections, the Court observes that this law was enacted in 2005 and amended in 2015. Both of these dates occurred well more than two years prior to the filing of this action. Thus, to the extent the Plaintiff challenges the constitutionality of § 15-22-27.3, that challenge is also time-barred for the reasons stated in the Recommendation. Relatedly, the Plaintiff fails to establish that the "proper" characterization of his claim against Governor Ivey changes the Recommendation's conclusion. Consequently, this objection is due to be overruled.

Accordingly, upon an independent review of the record, and for good cause, it is

ORDERED as follows:

4

1. The Plaintiff's objections (doc. 14) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 13) is ADOPTED;

3. The Plaintiff's § 1983 claims are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

4. To the extent the Plaintiff challenges the legality of his conviction, those claims are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii);

5. This case is DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

A separate Final Judgment will be entered.

DONE this 2nd day of July, 2024.

/s/ Emily C. Marks
EMILY C. MARKS
CHIEF UNITED STATES DISTRICT JUDGE